UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGELA PRICE et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, )<br>)<br>Defendant. ) | Civil Case No. 13-1069 (RJL) |

MEMORANDUM OPINION
(July **30**, 2014) [Dkts. ##8, 12]

This case arises out of the Individuals with Disabilities Education Act ("IDEA"). Plaintiffs seek attorneys' fees as prevailing parties under the IDEA's fee shifting provisions, codified at 20 U.S.C. § 1415(i)(3)(B)-(G). Compl. [Dkt. #1]. Defendant District of Columbia contends that plaintiffs' counsel already has been compensated at $90/hour for his work, which is the rate set by the statute under which he was appointed. Plaintiffs ask the Court to enter summary judgment in their favor awarding over $100,000, such that counsel's total compensation would equal $505/hour. Pls.' Mot. for Summ. J. at 11 [Dkt. #8]; Compl. The District of Columbia cross-moves for summary judgment denying plaintiffs further fees. Def.'s Cross-Mot. for Summ. J. and Opp'n to Pls.' Mot. for Summ. J. ("Def.'s Cross-Mot.") [Dkt. #12]. Because the statute under which counsel was appointed sets a mandatory compensation rate, defendant's motion is GRANTED and plaintiffs' motion is DENIED.

1

## BACKGROUND

Plaintiff Angela Price is the mother of plaintiff Jerome Parker. Pls.' Statement of Mat. Facts Not in Dispute ("Pls.' Statement of Mat. Facts") ¶ 1 [Dkt. # 10]. Plaintiff Lashawn Weems is the parent of D.W. *Id.* ¶ 2. Jerome Parker and D.W. were deemed eligible to receive special education services and related services from the District of Columbia. *Id.* ¶¶ 1-2.

Ms. Price and Ms. Weems each filed an administrative due process complaint under the IDEA. *See* 28 U.S.C. § 1415. Pls.' Statement of Mat. Facts ¶ 4; Pls.' Mot. for Summ. J. at 2. At the time the complaints were filed, Mr. Parker and D.W. were minor children. Pls.' Statement of Mat. Facts ¶¶ 1-2. Mr. Parker reached the age of majority during the course of his administrative proceeding, but remained eligible for special education services. *Id.* ¶ 1.

The Criminal Justice Act ("CJA") authorizes the District of Columbia Superior Court to appoint counsel in certain cases when a party is financially unable to obtain adequate representation. D.C. Code §§ 11-2601 to 2608. Although, as the name suggests, most of the relevant cases are criminal proceedings, the Act also provides for representation of any person "who is a juvenile and alleged to be delinquent or in need of supervision." D.C. Code § 11-2601. To implement the Act's directive, the Family Court Division may appoint attorneys to represent the interests of juveniles in a variety of proceedings, including in special education proceedings. *See, e.g.*, D.C. Sup. Ct. Admin. Order 02-15. The CJA further provides, "Any attorney appointed pursuant to this chapter shall, at the conclusion of the representation or any segment thereof, be compensated at a

fixed rate of $90 per hour. Such attorney shall be reimbursed for expenses reasonably incurred." D.C. Code § 11-2604(a).

The District of Columbia Superior Court appointed Pierre Bergeron to serve as counsel for Ms. Price, Mr. Parker,[1] and Ms. Weems in the administrative cases regarding the Mr. Parker and D.W.'s special education needs. Def.'s Statement of Mat. Facts Not in Dispute ("Def.'s Statement of Mat. Facts") ¶¶ 1-3 [Dkt. #12-3]; Def.'s Cross-Mot., Exs. 2, 7 [Dkt. #12-2]. Both proceedings culminated in hearings on the due process complaints, and in each case, the hearing officer determined that the District of Columbia Public School System ("DCPS") had denied the child at issue a free and appropriate public education ("FAPE") as required by the IDEA. Parker Hearing Officer Determination [Dkt. #8-2]; D.W. Hearing Officer Determination [Dkt. #8-3].

Mr. Bergeron submitted invoices to the DCPS requesting payment of $55,027.94 for Mr. Parker's case (219.5 hours at $250/hour, Pls.' Mot. for Summ. J., Ex. 4 [Dkt. #8-4]) and $15,403.40 for D.W.'s case (61.5 hours at $250/hour, plus expenses, Pls.' Mot. for Summ. J., Ex. 5 [Dkt. #8-5]). In connection with Mr. Parker's invoice, DCPS sent Mr. Bergeron an email inquiring whether he was court-appointed counsel. Def.'s Cross-Mot., Ex. 5 [Dkt. #11-1]. Mr. Bergeron confirmed his court appointment. Pls.' Response to Def.'s Statement of Mat. Facts, Ex. 1 [Dkt. #15-3]. DCPS approved almost all of Mr. Bergeron's hours (205.7 for Mr. Parker's case and 55.4 for D.W.'s case), but compensated him at a rate of $90/hour rather than his requested $250/hour. Pls.' Mot. for

---

[1] Mr. Bergeron represented Ms. Price until Mr. Parker turned 18 and Mr. Parker thereafter. Pls.' Statement of Mat. Facts ¶ 3; Def.'s Statement of Mat. Facts Not in Dispute ("Def.'s Statement of Mat. Facts") ¶ 2 [Dkt. #12-3].

3

Summ. J., Exs. 4-5. In total, DCPS paid Mr. Bergeron $18,513.00 for his work in Mr. Parker's case and $4,996.88 for his work in D.W.'s case (including $10.88 in costs). Def.'s Statement of Mat. Facts ¶¶ 5, 7.

The IDEA provides that a court may, in its discretion, award "reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability," subject to certain limitations and exceptions. *See* 20 U.S.C. § 1415(i)(3)(B)-(G). Mr. Bergeron now asks this Court to declare him a "prevailing party" under the IDEA and direct the District of Columbia to pay attorney's fees such that his total compensation is equivalent to $505/hour. Compl. The District of Columbia maintains that Plaintiffs are entitled to attorneys' fees only at a rate of $90/hour. Def.'s Cross-Mot. at 2. The parties cross-move for summary judgment. Pls.' Mot. for Summ. J.; Def.'s Cross-Mot.

## STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The moving party bears the initial burden of demonstrating there is no genuine dispute as to a material fact. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The court must view facts and draw inferences in favor of the non-moving party, *id.*, but the non-moving party may not rely on mere conclusory allegations, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

## ANALYSIS

The parties agree on the essential facts of the case. Defendant does not dispute that plaintiffs qualify as "prevailing parties" under the IDEA, and plaintiffs do not dispute that plaintiff's counsel accepted an appointment under the CJA. Indeed, plaintiffs argue that, had they not been prevailing parties, the CJA "guarantees that plaintiff's counsel will receive at least the CJA rate for their work on the matters." Pls.' Reply in Support of Summ. J. and Opp'n to Def.'s Cross-Mot. for Summ. J. ("Pls.' Reply") at 3 [Dkt. #14]. The first, and, as it turns out, only, question I must answer is whether Mr. Bergeron is entitled to fees above the CJA's statutory rate of $90/hour. For the following reasons, I conclude that he is not.

Court-appointed counsel is much rarer in civil cases than in criminal cases, and criminal statutes do not provide the same fee-shifting opportunities that some civil statutes do. Thus, the situation here—in which a court-appointed counsel seeks attorney's fees under the statute providing the substantive law for his case—does not often present itself. The parties have not cited, nor am I aware of, any cases in this or another Circuit that address the issue. But perhaps that is because other attorneys realize that court appointment pursuant to a statute that clearly sets a rate of compensation is the beginning and end of the inquiry.

In both cases at issue, Mr. Bergeron was appointed by the D.C. Superior Court Family Court to represent plaintiffs. Def.'s Cross-Mot., Exs. 2, 7. He is a member of and was selected from a court-formed Special Education Advocate Panel. *See* D.C. Sup. Ct. Admin. Order 10-01. The Superior Court derives its authority to establish such a panel

5

and appoint panel attorneys in special education cases from the CJA and administrative orders implementing the CJA's directive. *See* D.C. Code § 11-2601; *see, e.g.*, D.C. Sup. Ct. Admin. Order 02-15. The CJA is very specific regarding the compensation of attorneys appointed under it: "Any attorney appointed pursuant to this chapter *shall*, at the conclusion of the representation or any segment thereof, be compensated at a fixed rate of $90 per hour." D.C. Code § 11-2604(a) (emphasis added). Indeed, the CJA prohibits attorneys appointed pursuant to its provisions from seeking additional compensation for their services. "Any person compensated, or entitled to be compensated, for any services rendered under this chapter who shall seek, ask, demand, receive, or offer to receive, any money, goods, or services in return therefor from or on behalf of a defendant or respondent shall be fined not more than $1,000 or imprisoned not more than one year, or both." D.C. Code § 11-2606(b).

The statutory language is abundantly clear, as is the fact of Mr. Bergeron's appointment. When Mr. Bergeron applied to be on the Family Court's Special Education Advocate Panel and accepted appointment in these cases, he agreed to undertake representation pursuant to the CJA. As such, the CJA governs his compensation in these matters.

Plaintiffs point to language in the appointment orders indicating that appointed counsel will be paid by the courts pursuant to the CJA only if DCPS does not provide compensation. Def.'s Cross-Mot., Exs. 2, 7 ("[T]he District of Columbia Courts will compensate the Educational Attorney pursuant to the Criminal Justice Act if he is not compensated by the District of Columbia Public Schools."). This confirms that the

6

appointment is made pursuant to the CJA, but does not indicate, as plaintiffs claim, that DCPS is obligated to pay anything higher than the CJA rate when plaintiffs prevail.

Both the CJA and the IDEA attorneys' fees provisions are directed to providing competent counsel to individuals who otherwise may not be able to afford it. The two statutes have different approaches to achieving this goal, but the CJA's compensation system does not conflict with the rationale underlying the IDEA's attorneys' fees provision. Appointed panel attorneys are situated differently from non-appointed special education attorneys, and the different compensation schemes reflect that. When appointed to represent a party, counsel does need to expend resources to identify potential clients and compete for the opportunity to represent them. Appointed panel attorneys are *guaranteed* a rate that the D.C. Superior Court system has judged to be sufficient to attract competent attorneys in these cases, and they are entitled to be compensated for all of the hours they reasonably expend on a case. D.C. Code § 11-2604(a). In contrast, attorneys on contingency seeking fees under the IDEA face the possibility that they will not be the prevailing party and thus will be foreclosed from any payment, while also being subject to some stricter statutory limitations on what may and may not be compensated. 20 U.S.C. § 1415(i)(3)(B)-(G). IDEA fee-shifting cases carry higher risk with the possibility of higher reward. Appointment pursuant to the CJA allows a special education attorney to avoid that risk and collect a guaranteed payment, but forecloses a greater payoff in the event a case is decided in his favor. This, then, is the arrangement that plaintiff struck. And these are the rules with which he must abide.

## CONCLUSION

For the foregoing reasons, Defendant's Cross-Motion for Summary Judgment [Dkt. #12] is GRANTED, and Plaintiff's Motion for Summary Judgment [Dkt. #8] is DENIED. An appropriate order shall accompany this Memorandum Opinion.

RICHARD J. LEON
United States District Judge